Livius M. Ilasz, Esq.
**Ilasz & Associates**
1035 Route 46 East, Suite 105
Clifton, New Jersey 07013
P: (973) 773-9060
F: (212) 480-2958
Attorneys for Plaintiff, Miroslaw Wierzbicki

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK DIVISION

MIROSLAW WIERZBICKI,

                                Plaintiff,

        vs.                                                    CIVIL ACTION NO.:

CITY OF JERSEY CITY;
JERSEY CITY POLICE DEPARTMENT;
and John Does 1-2 ,

                                Defendants.

## COMPLAINT

Plaintiff, MIROSLAW WIERZBICKI ("Plaintiff"), with a residence address of 1715 Stanhope Street, Ridgewood, New York 11385, by and through undersigned counsel, alleges as follows upon information and belief:

### JURISDICTION STATEMENT AND PARTIES

1.      This is an action for damages arising out of one or more violations of federal and state law, and is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

2.      This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1331 and §1343 in that this is an action to redress violations of Plaintiff's federally protected Constitutional rights.  Jurisdiction over the state law claims is founded upon the supplemental jurisdiction of this Court, 28 U.S.C. §1367.

3.      At all times relevant herein, Plaintiff, Miroslaw Wierzbicki, is and was a legal resident in the United States, and a resident of Queens County, New York, and is otherwise *sui juris*.

4.      At all relevant times hereto, Defendant City of Jersey City ("City"), was a municipality duly organized and existing under the laws of the State of New Jersey.

5.      At all relevant times hereto, Defendant Jersey City Police Department ("JCPD"), was a municipal subdivision and arm of the City, located at 207 7th Street, Jersey City, New Jersey 07302.

6.      At all relevant times hereto, Defendant John Doe 1 was a male citizen and resident of New Jersey, acting in his capacity as a JCPD officer and was acting under color of state law.  He is sued in his individual and official capacity.

7.      At all relevant times hereto, Defendants John Doe 2 was a male citizen and resident of New Jersey, acting in his capacity as a JCPD officer and was acting under color of state law.  He is sued in his individual and official capacity.

8.      Defendants John Does 1 and 2 may be collectively referred to as the "PO Defendants."

9.      All of the above defendants may be referred to as "Defendants" in the aggregate.

10.     At all times relevant hereto, Defendant City and JCPD, acting under color of state law, were responsible for hiring, training, supervision, discipline, retention, termination and promotion of the PO Defendants, inclusive of the defendants named herein.

11.     Each and all of the acts of the PO Defendants and other members of the City and JCPD involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America and the State of New Jersey, under color of law and by virtue of their authority as law enforcement

2

officers for Defendants City and JCPD, and in the scope of their employment with Defendants City and JCPD.

12.     The acts and practices constituting the violations alleged below have all occurred within the State of New Jersey, which is properly within the jurisdiction of the United States District Court in and for the District of New Jersey. Venue in the District of New Jersey, Newark Division, is proper because the incident which is the subject of this lawsuit occurred in the State of New Jersey and Defendants are located in this venue.   *See* 28 U.S.C. §1391(b)(1) and §1391(b)(2).

13.     This action has been commenced within the statute of limitations for all Federal and pendent State causes of action.

14.     Plaintiff has complied with all conditions precedent to the filing of this lawsuit pursuant to Title 59, New Jersey Statutes; all applicable notices have been provided to Defendants.

15.     Plaintiff has retained Ilasz & Associates to represent his interests in prosecuting this action, and said law firm is entitled to their reasonable attorneys' fees and costs incurred in connection herewith.

## **FACTUAL ALLEGATIONS**

16.     The subject incident arises out of the use of unlawful and excessive force against Plaintiff by the PO Defendants, and perhaps others, resulting in serious personal injuries to Plaintiff and the deprivation of his civil rights.

17.     On or about September 8, 2017 at approximately 12:00 noon, while the Plaintiff was riding his bicycle near the building situated at 500 Martin Luther King Boulevard in Jersey City, New Jersey, the PO Defendants alighted from their police vehicle, ran up behind the

3

Plaintiff, shoved Plaintiff from the back off of his bicycle onto the ground such that Plaintiff fell onto his left side immediately causing serious personal injury to the then-61 year old Plaintiff.

18.     Despite the obvious and immediate injuries including a swollen wrist, the PO Defendants handcuffed the Plaintiff.

19.     The PO Defendants then searched the Plaintiff's pockets, backpack and cellular telephone cover and wallet.

20.     The Plaintiff does not speak English. The Plaintiff speaks Polish.

21.     The PO Defendants called for assistance and a third Jersey City Police Officer, who speaks Polish, appeared at the scene.   Upon information and belief, this third Police Officer's last name is Wojchiech (sp?) ("PO Wojchiech").   PO Wojchiech removed the Plaintiff's handcuffs.

22.     Upon information and belief, no report of the incident was created by the Defendants.

23.     Plaintiff was not given any explanation for the acts of the Defendants.

24.     Plaintiff was not offered or provided any medical assistance by the Defendants.

25.     As a direct and proximate result of the Defendants' intentional, willful, reckless, malicious and/or negligent conduct as aforesaid, the Plaintiff suffered *inter alia* a fractured right wrist, as well as, mental and emotional trauma; all of which continue to this day and are permanent in nature.

26.     As a direct and proximate result of the Defendants' conduct as aforesaid, the Plaintiff has experienced, and continues to experience, severe pain and suffering due to his physical injuries, including mental anguish, mental and emotional suffering, embarrassment, shame, and humiliation, as well as, damages to his constitutional rights.

27.     Each of the PO Defendants acted under color of state law in their official capacity to deprive the Plaintiff of his clearly established right to be free from excessive force under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§1983 and 1988.

28.     Plaintiff is entitled to compensation for the violation of his constitutional rights and the constitutional harms that the Defendants inflicted upon him resulting in his physical injury.

## ADDITIONAL FACTS SURROUNDING LIABILITY

29.     Defendant JCPD is the ultimate policymaking authority for all officially-adopted policies and procedures implemented by employees of Defendant JCPD, including all PO Defendants.  Further, it is the entity legally responsible for the hiring, retention, supervision, and training of employees of the JCPD, as well as, administering any discipline to said employees.

30.     The JCPD has a long-standing de-facto policy of unlawful profiling as has been acknowledged by New Jersey governors, attorneys general and the local politicians.   Upon information and belief, in the past few years alone, more than ten (10) current and former JCPD officers have been charged with corruption and/or using excessive force.  *See* miscellaneous news articles annexed hereto as **Exhibit 1**.

31.     Defendant JCPD has been placed on notice that there is a pervasive and systematic pattern, custom and practice within the JCPD to unlawfully stop, search, arrest and use excessive force by rendering vicious beatings to members of the public – even those who do not resist arrest, including innocent bystanders and those accused of minor criminal infractions – and to make great efforts to use excessive force outside of the view of third-party witnesses, and frequently while the person detained is subdued, restrained, or otherwise still in handcuffs.

32.     False reports are rendered, and prosecutions are officially pursued against the victims of these unconstitutional beatings and excessively forceful arrests. Finally, the internal investigations into such allegations of excessive force are almost always a virtual whitewash, as JCPD officers are rarely, if ever, punished for such conduct even when investigations reveal conduct that requires actions to be undertaken against the officer(s) involved to prevent such civil rights and constitutional violations in the future.

33.     Specifically, the notice to the JCPD of the unconstitutional conduct of its officers and employees has occurred through notices of intent to sue, lawsuits, internal affairs investigations, and media reports, yet Defendant JCPD fails to take any remedial action.

34.     Thus, Defendant JCPD is also on notice of the fact that a systemic and pervasive pattern and practice of excessive force and wrongful and unreasonably forceful arrests exist within the JCPD and that members of the citizenry are the victims of these acts committed by JCPD officers in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments. Defendant JCPD officers are allowed and indeed encouraged to commit these wrongful and unconstitutional acts with impunity knowing that no discipline, much less meaningful discipline, will follow for acts of excessive force. Such illegal conduct is ratified and condoned by Defendant JCPD.

35.     The PO Defendants are comfortable in the knowledge that any act of excessive force that they commit will not result in discipline by Defendant JCPD even when the act of excessive force occurs. Thus, the lack of discipline for acts of excessive force, allowed the PO Defendants to wrongfully stop, search, detain and commit excessive and unreasonable force against the Plaintiff because the PO Defendants knew that there would be no official reprisals for their actions against the Plaintiff.

36.     Upon information and belief, the discovery phase of this litigation will further reveal many other instances where Defendant JCPD, by and through its officers and employees,

has allowed, condoned, and encouraged a systemic, ratified, and sanctioned policy of acts of excessive and unreasonable force, wrongful stops, wrongful searches, wrongful detainment and racial profiling only to fail to discipline personnel for such actions, much less properly supervise and train to prevent further abuses.

## CAUSES OF ACTION

### COUNT ONE

### VIOLATION OF 42 U.S.C. §1983

**(Civil Action for Deprivation of Rights)**

37.     Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if fully set forth herein, and further states as follows:

38.     At all times material hereto, Plaintiff had the constitutional right to be free from the use of excessive and unreasonable force against his person.

39.     The PO Defendants individually and as a group participated and conspired with one another, under color of state law, to deprive Plaintiff of his constitutional rights by, among other things:

    a.   Using excessive and unreasonable force on Plaintiff;

    b.   Lacking probable cause or reasonable suspicion to suspect that Plaintiff committed, was committing or was about to commit a crime;

    c.   Lacking probable cause or reasonable suspicion to stop Plaintiff;

    d.   Lacking probable cause or reasonable suspicion to search Plaintiff;

    e.   Lacking probable cause or reasonable suspicion to seize Plaintiff;

    f.   Lacking probable cause or reasonable suspicion to detain Plaintiff;

    g.   Depriving Plaintiff of his right to due process;

    h.   Depriving Plaintiff of his right to equal protection under the laws;

i.   Subjecting Plaintiff to cruel and unusual punishment

40.    In committing the acts complained of herein, all named Defendants acted under color of state law to deprive Plaintiff of his clearly established constitutionally protected rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

41.    The PO Defendants violated 42 U.S.C. §1983 by inflicting serious personal injury upon Plaintiff that was grossly disproportionate to the force that would have been necessary to arrest Plaintiff in violation of his rights under the United States Constitution.

42.    The PO Defendants, while acting in their capacity as police officers for Defendants City and JCPD and under color of state law, did intentionally use excessive and unreasonable force by forcefully and violently stopping Plaintiff and restraining him.

43.    The PO Defendants subjected Plaintiff to further indignities by failing to file any report of the incident in an effort to avoid their identification, and in an effort to conceal this incident, and in an effort to avoid apprehension and prosecution for their unlawful actions.

44.    The above acts constitute a violation of the Civil Rights Act, 42 U.S.C. §1983 for violation of one's civil and constitutional rights under color of state law.

45.    As a proximate result of the aforesaid acts by Defendants, Plaintiff has been damaged and has suffered severe physical and emotional injuries including mental distress and anguish.

## COUNT TWO

### Violation of 42 U.S.C. §1981

### (Violation of Equal Rights Under the Law)

46.    Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if fully set forth herein, and further states as follows:

8

47.    The acts of the PO Defendants, as well as, the JCPD and City constitute a violation of the Civil Rights Act, 42 U.S.C. §1981.

48.    The acts of the Defendants were motivated by racial, ethnic, national origin and/or other unlawful animosity and/or by desire to injure, oppress and intimidate the Plaintiff because of his race, ethnicity, national origin, or other protected attribute.

49.    As a proximate result of the above-mentioned acts, Plaintiff has suffered damages including serious physical injuries, severe emotional distress and mental anguish, and deprivation of his rights under §1981, as well as, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## COUNT THREE

### Violation of 42 U.S.C. §1985

### (Conspiracy to Violate Civil Rights)

50.    Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if fully set forth herein, and further states as follows:

51.    The acts of the PO Defendants, as well as, the JCPD and City constitute a violation of the Civil Rights Act, 42 U.S.C. §1985, namely a conspiracy to violate the civil rights of Plaintiff based on his race, ethnicity, national origin, or other unlawful basis.

52.    As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered severe emotional distress and mental anguish, as well as, deprivation of rights under the Civil Rights laws.

## COUNT FOUR

### VIOLATION OF 42 U.S.C. §1986

### (Failure to Prevent Violations of Civil Rights)

53.     Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if fully set forth herein, and further states as follows:

54.     The Defendants had knowledge of the discrimination/violation of constitutional rights perpetrated on Plaintiff but neglected and failed to prevent said wrongful and illegal acts when they had power to do so.

55.     This neglect, aid and refusal to prevent or rectify is a violation of the Civil Rights Act, 42 U.S.C. §1986.

56.     As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered serious physical injury, severe emotional pain, suffering, anguish, and distress and a deprivation of rights under the Civil Rights laws.

## COUNT FIVE

### Violation of 42 U.S.C. §1983

### (Negligent Screening, Hiring, Training, Supervising and Retention of Dangerous Discriminatory Police Officers)

57.     Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if fully set forth herein, and further states as follows:

58.     Defendant JCPD was negligent in screening, hiring, training, supervising, disciplining and/or retaining the PO Defendants in this matter, who they knew or should have known were dangerous and/or acted in an ethnically xenophobic and discriminatory manner.

59.     Defendant JCPD is liable for the aforesaid acts both under the doctrine of *respondeat superior* and because it permitted conditions to exist which facilitated and/or permitted such conduct to occur.

10

## COUNT SIX

### New Jersey Civil Rights Action/State Constitutional Claim

### (N.J.S.A. 10:6-1, *et seq.*)

60.     Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if fully set forth herein, and further states as follows:

61.     The illegal, unconstitutional and discriminatory acts of the Defendants constituted acts of a *de facto* policy to discriminate, use unlawful force and assault Plaintiff. The actions of the Defendants aforesaid also represent a *de facto* policy to deny Plaintiff his due process, equal protection and to be free from excessive force and cruel and unusual punishment. All of these violations contravene Plaintiff's constitutional rights under the New Jersey State Constitution including, but not limited to, Article I, Section 1; Article I, Section 5 – denial of rights; and Article I, Section 7 and the New Jersey Civil Rights Act (N.J.S.A. 10:6-2).

62.     Each individual Defendant was acting at all times in furtherance of his employer.

63.     As a proximate result of the aforesaid conduct, Plaintiff has been damaged, including violation of his civil rights and has suffered severe physical injury and emotional pain and suffering.

## COUNT SEVEN

### Willful Disregard

64.     Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if fully set forth herein, and further states as follows:

65.     The conduct of Defendants was outrageous, wanton and willful, in reckless indifference to the rights, safety and interests of Plaintiff, and taken with conscious disregard of their duties and obligations.

66.     Defendants acted with deliberate indifference to the rights of persons in their domain, and Plaintiff, violating Plaintiff's right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act, 42 U.S.C. §1986.

67.     As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered serious physical injury and severe emotional pain, suffering, anguish and distress and a deprivation of rights under the Civil Rights laws.

## COUNT EIGHT

### Assault and Battery

68.     Plaintiff re-alleges and re-avers each and every allegation set forth in the preceding paragraphs as if fully set forth herein, and further states as follows:

69.     The PO Defendants, and perhaps others, intended to cause harmful or offensive contact with Plaintiff, and/or an imminent apprehension of such a contact.

70.     Plaintiff was thereby put in such imminent apprehension.

71.     Defendants, individually and/or acting in concert, contacted Plaintiff in a harmful and offensive manner without cause and/or legal justification.

72.     As a proximate result of the aforesaid conduct, Plaintiff has been damaged and has suffered serious physical injury and severe mental and emotional pain, suffering, anguish and distress.

73.     As a proximate result of the Defendants' conduct, Plaintiff has been damaged and has suffered serious physical injury and severe mental and emotional pain, suffering, anguish and distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against the Defendants, including but not limited to:

1. An award of compensatory damages and punitive damages against Defendants, together with interest, costs of suit and attorneys' fees; for his personal injuries; pain and suffering; past, present and future medical expenses; attorneys' fees; mental anguish; violation of his civil liberties; loss of earning capacity; and loss of capacity to enjoy life; as well as his costs, and all other relief the Court deems just and proper.

2. A judgment declaring that the JCPD's policy, practice and/or custom of unlawful stops, searches, arrests, and acts of excessive and unreasonable force, wrongful arrests and ethnic profiling challenged herein are unconstitutional in that they violate the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, 42 U.S.C. §1986, and the Constitution of the State of New Jersey, and that its implementation, enforcement and sanctioning by JCPD officers is a direct and proximate result of the following policies, practices and/or customs of the JCPD:

   a. Failing to adequately screen, train and supervise officers;

   b. Failing to adequately monitor the JCPD officers and discipline those JCPD officers who violate the constitutional rights of residents and individuals in the communities they patrol; and

   c. Encouraging, sanctioning and failing to rectify the JCPD's unconstitutional policies.

3. Issue an order for the following injunctive relief:

   a. Enjoining the JCPD from continuing its policy, practice and/or custom of unlawful stops, searches, arrests and acts of excessive and unreasonable force, wrongful detainment and ethnic profiling;

13

b. Requiring the JCPD to institute and implement improved policies and programs with respect to training, discipline and promotion designed to eliminate the JCPD's policy, practice and/or custom of unlawful stops, searches, detainment, arrest and acts of excessive and unreasonable force, wrongful arrests and ethnic profiling;

c. Requiring the JCPD to deploy JCPD officers with appropriate and adequate supervision; and

d. Requiring an independent overseer to monitor stops, searches, detainments, arrests and acts of force to ensure that same are reported and to determine whether such reported stops, searches, detainments, arrests and acts of force have comported with constitutional requirements.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a trial by jury of all issues so triable under the law.

<u>**DESIGNATION OF TRIAL COUNSEL**</u>

Plaintiff designates the undersigned as trial counsel.

Dated:  September 6, 2019

Livius M. Ilasz, Esq.
Ilasz & Associates
Attorney for Plaintiff
Miroslaw Wierzbicki
1035 Route 46 East, Suite 105
Clifton, New Jersey 07013
Tel. (973) 773-9060

<u>**CERTIFICATE OF SERVICE**</u>

We hereby certify that on September  6  , 2019, we electronically filed the foregoing Complaint with the Clerk of the Court using PACER/CM/ECF.   We also certify that the foregoing document will be served on all parties either via transmission of Notices of Electronic Filing generated by PACER/CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By: _____

Livius M. Ilasz, Esq.