UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIROSLAW WIERZBICKI,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF JERSEY CITY;<br>JERSEY CITY POLICE DEPARTMENT;<br>And John Does 1-2,<br><br>        Defendants. | CIVIL ACTION NO.<br>2:19-cv-17721 (BRM)(SCM)<br><br>**JOINT DISCOVERY PLAN** |

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

   **Plaintiff Miroslaw Wierzbicki (then aged 61) alleges that on or about September 8, 2017, at approximately 12:00 p.m., he was riding his bicycle in front of 500 Martin Luther King, Jr., Boulevard in Jersey City, New Jersey, when he was without warning pushed off his bicycle from behind by two (2) Jersey City Police Officers. He was taken to the ground, his belongings were searched and he was handcuffed. Because plaintiff only speaks Polish, a Jersey City officer who spoke Polish was called to the scene and removed plaintiff's handcuffs. He was not given an explanation as to why he was stopped, held and searched, nor was he given medical attention.**

   **Defendants deny the incident took place and the allegations stemming therefrom.**

   **Plaintiff alleges that as a result of these actions, he was caused to suffer a fracture of the right wrist, and bruises of the right elbow and right knee. Additionally, he alleges severe emotional distress and wrongful loss of his civil rights. He seeks monetary damages, costs and attorney's fees.**

   **He brings several causes of action, including violations of the Fourth, Fifth, Eighth and Fourteenth Amendments**

       **to the U.S. Constitution; Article 1 of the N.J. Constitution; N.J.S.A. 10:6-2(c); N.J.S.A. 10:5-4, 12(F); N.J.S.A. 10:1-2; 42 U.S.C. §1981, 1983, 1985, 1986, 1988; common law claims of willful disregard, assault and battery.**

       **Defendant City of Jersey City has filed a 12(b)(6) and 8(a) Motion to Dismiss in Lieu of an Answer alleging that plaintiff has failed to state a claim upon which relief may be granted and fails to satisfy the pleading standards required by Iqbal/Twombly and FRCP 8.**

2. Have settlement discussions taken place?  Yes _____  No X_____
   If so, when?  N/A_____

   (a) What was plaintiff's last demand?

       (i) Monetary demand: **$ N/A**

       (ii) Non-monetary demand: **N/A**

   (b) What was defendant's last offer?

       (i) Monetary offer: $ **N/A**

       (ii) Non-monetary offer: **N/A**

3. The parties [have _____ -have not X____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   **Rule 26 disclosures have not been exchanged as there is a motion to dismiss pending. Rule 26 Disclosures shall be exchanged by February 28, 2020.**

   Describe any discovery conducted other than the above disclosures.

   **Plaintiff has filed a Notice of Claim.**

4. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

**None beyond the FRCP 12(b)(6) motion to dismiss pending.**

5. The parties proposed the following:

   (a) Discovery is needed on the following subjects:

   **Discovery is needed with regard to any and all issues relating to the Plaintiff's claims and allegations set forth in his complaint which includes but is not limited to his encounter, the identity of the officers involved and altercation with the police, *Monell* liability, any damages and injuries allegedly sustained by Plaintiff, and expert reports to opine on any of Plaintiff's alleged injuries.**

   **Discovery is also needed related to the Defendant's defenses if and when filed in its Answer.**

   (b) Should discovery be conducted in phases? If so, explain.

   **Yes. Fact and expert discovery.**

   (c) Number of Interrogatories by each party to each other party: **Twenty-five (25). Initial discovery demands to be served by March 13, 2020 and responses to be served by April 13, 2020.**

   (d) Number of Depositions to be taken by each party: **Ten (10)**

   (e) Plaintiff's expert report due on **August 28, 2020.**

   (f) Defendant's expert report due on **October 30, 2020, subject to the necessity and type of expert reports required.**

   (g) Motions to Amend or to Add Parties to be filed by **February 28, 2020. However, the parties may still request leave of court to amend or add parties after that date, as contemplated by Federal Rule of Civil Procedure 15.**

    (h)    Dispositive motions to be served within **sixty (60)** days of completion of discovery.

    (i)    Factual discovery to be completed by **August 31, 2020.**

    (j)    Expert discovery to be completed by **November 30, 2020.**

    (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

           **None at this time. A discovery confidentiality order will be required if and when Plaintiff requests certain police records, and one will be entered at that time. The Order will be consistent with Appendix S of the Local Rules of Court.**

    (l)    A pretrial conference may take place on **TBD**

    (m)    Trial by jury or non-jury Trial?

           **Jury**

    (n)    Trial date: **TBD**

6.    Do you anticipate any discovery problem(s)? Yes _____ No **X**_____
If so, explain.

7.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?
Yes _____ No **X**_____
If so, explain.

8.    State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion

of depositions, after disposition of dispositive motions, etc.).

**The parties do not consider this case to be appropriate for voluntary arbitration.  However, the parties would respectfully reserve the right to engage in mediation or arbitration at a later date if the parties believe that such procedures will facilitate a resolution of this matter.**

9. Is this case appropriate for bifurcation? Yes _____ No **X**_____

10. We [do _____ - do not **X**_____] consent to the trial and/or dispositive motions being conducted by a Magistrate Judge.


**ILASZ & ASSOCIATES**

*/s/ Livius M. Ilasz*
Livius M. Ilasz, Esq.
Ilasz & Associates
1 Maiden Lane, 9th Floor
New York, New York 10038
Tel. (212) 480-2222


**PETER J. BAKER**
**CORPORATION COUNSEL**

*s/ Brittany M. Murray*
Brittany M. Murray
Assistant Corporation Counsel
City of Jersey City Law Department
280 Grove Street- City Hall
Jersey City, New Jersey 07302
Attorneys for Defendant City of Jersey City