# EXHIBIT C

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIRSOLAW WIERZBICKI, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> CITY OF JERSEY CITY, JERSEY CITY : <br> POLICE DEPARTMENT; and John : <br> Does 1-2, : <br> : <br> Defendants. : | Case No. 2:19-cv-17721-BRM-SCM <br><br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion filed by Defendants the City of Jersey City ("Jersey City") and Jersey City Police Department ("Police Department") (collectively, "Defendants") to dismiss Plaintiff Miroslaw Wierzbicki's ("Wierzbicki" or "Plaintiff") Complaint. (ECF No. 6.) Wierzbicki filed an Opposition to the Motion to Dismiss. (ECF No. 7.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Defendants' Motion to Dismiss is **GRANTED without prejudice.**

### I. BACKGROUND

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington*

*Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter stems from an incident dated September 8, 2017, where unnamed officers (the "Officers") allegedly used unlawful and excessive force against Plaintiff. (ECF No. 1 ¶ 16.) Wierzbicki is a resident of Queens County, New York and was sixty-one years old at the time of the incident. (*Id.* ¶¶ 3, 17.) At approximately 12:00 PM on the date of the incident, Plaintiff was riding his bicycle on Martin Luther King Boulevard in Jersey City, New Jersey when the Officers pulled up behind him, exited their vehicle, and shoved Plaintiff to the ground. (*Id.* ¶ 17.) Following this, the Officers handcuffed Plaintiff and searched his pockets, backpack, cell phone cover, and wallet. (*Id.* ¶¶ 18-19.) After discovering Plaintiff spoke only Polish, the Officers called for the assistance of another officer[1] who spoke Polish. (*Id.* ¶ 21.) When that officer arrived, he removed Plaintiff's handcuffs. Following the incident, none of the Officers offered Plaintiff any assistance or explanation for their actions. (*Id.* ¶ 23-24.)

On September 6, 2019, Plaintiff filed an eight-count Complaint against Defendants for injuries suffered stemming from the incident. (ECF No. 1.) On October 22, 2019, Defendants filed a Motion to Dismiss the Complaint. (ECF No. 6.) On November 8, 2019, Plaintiff filed an Opposition to the Motion to Dismiss. (ECF No. 7.)

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual

---

[1] Plaintiff refers to this officer as "Officer Wojchiech (sp?)."

2

allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While as a general rule, a court many not consider anything beyond the four corners of the

complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

### III. DECISION

#### A. Federal Law Claims

Plaintiff puts forth claims for several constitutional violations, including a violations of 42 U.S.C. § 1981 (Count Two), 42 U.S.C. § 1985 (Count Three), 42 U.S.C. § 1986 (Count Four), and 42 U.S.C. § 1983 for excessive force and negligent training (Counts One and Five, respectively). (ECF No. 1 ¶¶ 37-59.) Defendants contend these claims must be dismissed because Plaintiff has not properly stated a claim under a *Monell* theory of liability. (ECF No. 6-2 at 10.)

Generally, local governments are not liable for constitutional torts solely based on a theory of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Rather, municipal liability will attach "when [a municipality] causes a constitutional violation through the implementation of a policy, custom, or practice." *Wolf v. Escala*, No. 14-5985, 2015 U.S. Dist. LEXIS 65755, at *17 (D.N.J. May 20, 2015) (citing *Monell*, 436 U.S. at 691); *see also Liberty & Prosperity 1776, Inc. v. Corzine*, No. 08-2642, 2009 U.S. Dist. LEXIS 16556, at *13 (D.N.J. Mar. 3, 2009) (applying *Monell* to § 1981, § 1983, § 1985, and § 1986 claims). A policy or custom can be established when: (1) "a decision maker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict"; or (2) a course of conduct is "so permanent and well settled as to virtually constitute law."

Here, because Wierzbicki only brings claims against municipal defendants, he must allege a policy, custom, or practice which causes the underlying constitutional violations. He fails to do so. The Complaint states the Police Department "has a long-standing de-facto policy of unlawful profiling." (ECF No. 1. ¶ 30.) Additionally, it states the Police Department "has been placed on notice that there is a pervasive and systematic pattern, custom and practice . . . to unlawfully stop, search, arrest and use excessive force by rendering viscous beatings to members of the public." (*Id.* ¶ 31.) Finally, the Complaint alleges the Defendants encourage police officers "to commit these wrongful and unconstitutional acts with impunity knowing that no discipline . . . will follow for acts of excessive force." (*Id.* ¶ 34.)

Wierzbicki's allegations are completely conclusory and, at best, merely recite the elements necessary to establish a *Monell* claim. The Complaint is devoid of any facts demonstrating a policy or practice that excessive force, racial bias, or negligent supervision was so pervasive and well settled as to constitute a custom under *Monell*. Accordingly, Defendants' Motion to Dismiss Counts One, Two, Three, Four, and Five is **GRANTED.**

### B. State Law Claim

Plaintiff also asserts a cause of action under the New Jersey Civil Rights Act ("NJCRA") for a policy of discrimination and unlawful force (Count Six). (ECF No. 1 ¶¶ 60-63.) The NJCRA was modeled after § 1983 and therefore claims under the NJCRA are viewed "through the lens of § 1983." *Monticciolo v. Robertson*, No. 15-8134, 2017 U.S Dist. LEXIS 167895 at *61 (Oct. 11, 2017) (citing *Trafton v. Cty. of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011)). Accordingly, Plaintiff's NJCRA claim is viewed analogously to his § 1983 claims. Therefore, for the reasons stated above, Defendants' Motion to Dismiss Count Six of the Complaint is **GRANTED.**

5

### C. Common Law Claims

Finally, Plaintiff asserts common law claims for willful disregard (Count Seven) and assault and battery (Count Eight) (collectively, the "Common Law Claims"). (ECF No. 1 ¶¶ 64-73.) Defendants contend the Common Law Claims should be dismissed because a public entity cannot be held liable for the intentional conduct of its employees. (ECF No. 6-2 at 15.)

Generally, the New Jersey Tort Claims Act permits *respondeat superior* liability. *Rocco v. N.J. Transit Rail Operations, Inc.*, 749 A.2d 868 (N.J. App. Div. 2000); N.J. Stat. Ann. § 59:2-2 ("A public entity is liable for injury proximately caused by an act or omission of a public employee . . . ."). However, "a public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." N.J. Stat. Ann. § 59:2-10. Here, it is clear Plaintiff's willful disregard claim involves willful misconduct as he alleges "outrageous, wanton and willful" conduct by the Officers. Additionally, "[a]ssault and battery are torts that require a showing of intentional or willful misconduct. Therefore, the [municipality] is immune from liability for the assault and battery claims." *Sims v. Tropicana Entm't, Inc.*, No. 13-1981, 2016 U.S. Dist. LEXIS 121942, at *3 (D.N.J. Sept. 9, 2016) (citing *Merman v. City of Camden*, 824 F. Supp. 2d 581, 597 (D.N.J. 2010)). Accordingly, Defendants' Motion to Dismiss Counts Seven and Eight of the Complaint is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**.

**Date: May 7, 2020**  /s/ *Brian R. Martinotti*
                        **HON. BRIAN R. MARTINOTTI**
                        **UNITED STATES DISTRICT JUDGE**