# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

---

MIROSLAW WEIRZBICKI,

                     Plaintiff,

vs.

CITY OF JERSEY CITY;
JERSEY CITY POLICE DEPARTMENT;
AMEER M. ALATEEK, HUMBERTO
PORTUONDO, JOSEPH N. LARKINS,
and JOHN DOE 1-10 (their names being fictitious
and unknown to Plaintiff,

                     Defendants.

CIVIL ACTION NO.:
2:19-cv-17721-BRM-SCM

**PROPOSED SECOND AMENDED COMPLAINT**

---

Plaintiff, MIROSLAW WEIRZBICKI ("Plaintiff") with a residence address of 1715 Stanhope Street, Borough of Queens, State of New York, by way of Complaint against the Defendants, herein say:

## INTRODUCTION

1. Plaintiff brings this action for compensatory and punitive damages under New Jersey State for acting in a negligent, careless, reckless, and/or palpably unreasonable manner. These negligent, careless, reckless or palpably unreasonable acts or omissions in carrying out ministerial functions include: assault and battery, use of unlawful and excessive force, abuse of process, failure to supervise, negligent hiring, retention, and/or supervision, and failure to adequately train. Plaintiff also asserts a violation of rights under the Federal Constitutional rights as defendants, under color of state law deprived Plaintiff of his First and Fourteenth Amendments. (42 U.S.C. § 1983), New Jersey State Constitution and New Jersey State Civil Rights Act (N.J.S.A. 10:6-1 et

seq.). Attorney's fees are sought pursuant to 42 U.S.C. § 1989, and N.J.S.A. 10:6-1(f). Punitive damages are plead pursuant to N.J.S.A. 2A:15-5, 9.

## JURISDICTION AND VENUE

2. Plaintiff brings this action against Defendants to redress the deprivation of rights secured to Plaintiff by the United States Constitution, 42 U.S.C. § 1983, the New Jersey Constitution, and New Jersey State Law.

3. This court has jurisdiction over the matter in controversy pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

4. Plaintiff invokes the pendent and supplemental jurisdiction of this Court over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as the state law claims form part of the same case or controversy.

5. This Court has personal jurisdiction over the Defendants.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff was at all times, pertinent hereto, a resident of the Borough of Queens, County of Queens and State of New York.

8. Defendant City of Jersey City (hereinafter "JC Defendant"), is a municipality, located in Hudson County, New Jersey with offices at 365 Summit Ave, Jersey City, New Jersey, and the employer of the unnamed Police Officers.

9. Defendant, Jersey City Police Department (hereinafter "PD Defendant"), is a duly constituted subdivision of JC Defendant, with offices at 280 Grove Street, Jersey City, New Jersey.

10. Ameer M. Alateek is or was a Jersey City Police Officer as of the date of the alleged incident, September 8, 2017.

11. Humberto Portuondo is or was a Jersey City Police Officer as of the date of the alleged incident, September 8, 2017.

12. Joseph N. Larkins is or was a Jersey City Police Officer as of the date of the alleged incident, September 8, 2017.

13. Ameer M. Alateek, Humberto Portuondo, and Joseph N. Larkins are collectively referred to as "Defendant Officers".

14. All officers, unnamed, were at all times relevant herein, duly appointed and acting officers of the police department of the City of Jersey City, Hudson County, New Jersey, acting under color of State Law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New Jersey and/or the City of Jersey City, N.J.

15. Unnamed Police Officers, Defendants "John Doe 1-10" (their name being fictitious and unknown to Plaintiff), (hereinafter "John Doe Defendants"), individually and as Police Officers, are employees, agents and/or public officials, of the Defendants, JC Defendant and PD Defendant, who were present at or about 500 Martin Luther King Boulevard in Jersey City, New Jersey, on September 8, 2017.

## FACTS

16. At approximately 12:00 p.m. of September 8, 2017, Plaintiff was riding his bicycle near building situated at 500 Martin Luther King Boulevard in Jersey City, New Jersey.

17. At the same time, two uniformed Jersey City police officers, Defendant Ameer M. Alateek, Defendant Humberto Portuondo and/or John Doe Defendants were also at near the building situated at 500 Martin Luther King Boulevard in Jersey City, New Jersey.

18. Defendant Ameer M. Alateek, Defendant Humberto Portuondo and/or John Doe Defendants sprang from their marked police vehicle, ran up behind Plaintiff and violently shoved Plaintiff off of his bicycle causing Plaintiff to fall to the ground.

19. The then sixty-one (61) year old Plaintiff suffered from serious personal injuries as a result of being shoved off of his bicycle as aforesaid.

20. Despite Plaintiff's obvious and immediate injuries including a swollen wrist, the Defendants handcuffed the Plaintiff.

21. Defendant Ameer M. Alateek, Defendant Humberto Portuondo and/or John Doe Defendants then performed an illegal search of Plaintiff by searching Plaintiff's pockets, backpack, and cellular telephone cover and wallet.

22. At some point during the illegal search of Plaintiff, Defendant Ameer M. Alateek, Defendant Humberto Portuondo and/or John Doe Defendants discovered that Plaintiff does not speak English and speaks only Polish.

23. Defendant Ameer M. Alateek, Defendant Humberto Portuondo and/or John Doe Defendants requested additional police assistance from another Jersey City police officer who speaks Polish and this subsequent officer appeared at the scene.

24. Upon information and belief that third officer is named Joseph N. Larkins.

25. Despite Plaintiff's obvious injuries, none of the Defendant Officers and/or John Doe Defendants called for an ambulance to assist or treat Plaintiff.

26. At no time during the time Plaintiff was being illegally searched by the Defendant Officers and/or John Doe Defendants, was any medical aid provided, despite the fact that Plaintiff was physically assaulted and injured by Defendant Ameer M. Alateek and Defendant Humberto

Portuondo, there were visible signs of injury, and that this was known by all officers present at the scene.

27. Plaintiff did not resist the assault, illegal search and seizure of his person and private property, and he did not evade the officers in any way. The force used against him was unnecessary, unreasonable and excessive.

28. Plaintiff was placed in imminent fear of his personal safety.

29. At all times during the events described above, PD Defendant, the Defendant Officers, John Doe Defendants, and the JC Defendant were engaged in a joint venture.

30. At all times during the events described above, the Defendant Officers and John Doe Defendants were police officers who were engaged within their employment as police officers of the JC Defendant and the PD Defendant.

31. The unnamed defendants assisted each other in performing the various actions described and lent their physical presence and support, and the authority of their office to each other during the said events.

32. Upon belief, the Defendant Officers and/or John Doe Defendants, acting under color of law, failed to file any report, statement, or the like regarding the events that occurred on or about September 8, 2017.

33. The actions of the Defendant Officers and/or John Doe Defendants, resulted in illegal, continued abuse of process to hide the assault and battery and intentional inflection of emotional distress upon the Plaintiff. This caused Plaintiff to be denied his constitutionally protected rights, under both State and Federal Law, to be subject to an assault and illegal search, to be caused pain and suffering, and otherwise endure mental and emotional stress.

34. As a result, of Defendants actions, Plaintiff was denied his constitutionally protected rights, under both State and Federal Law, was illegally searched and assaulted, was caused to sustain pain and suffering, and otherwise endure mental and emotional distress.

35. Each of the Defendant Officers and/or John Doe Defendants acted under color of state law in their official capacity to deprive the Plaintiff of his clearly established right to be free from excessive force under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. §§1983 and 1988.

36. Plaintiff was not given any explanation for the acts of the Defendants.

37. Plaintiff sustained physical injuries as a result of mistreatment and actions.

38. As a direct and proximate result of the Defendants' conduct as aforesaid, the Plaintiff suffered *inter alia* a fractured right wrist, as well as, mental and emotional trauma; all of which continue to this day and are permanent in nature

39. Plaintiff was placed in fear of his personal safety as a result of Defendants' actions.

40. As a direct and proximate result of the said acts of the named and unnamed Defendants, the Plaintiff suffered the following injuries and damages:

> A. The violation of his State and Federal Constitutional and Statutory Rights to be free of unreasonable searches and seizures, and including his rights under the Fourth and Fourteenth Amendment to the U.S. Constitution;
>
> B. Loss of physical liberty;
>
> C. Physical pain and suffering;
>
> D. Denied of Plaintiff's right of free expression;
>
> E. Denied of Plaintiff's right of equal protection;
>
> F. Assault and battery resulting in permanent injury;

G. Psychological trauma, emotional distress, suffering and damage, including but not limited to humiliation caused by the trauma of the unfounded assault and illegal search of Plaintiff's person and property;

H. Violation of New Jersey State Civil Rights pursuant to N.J.S.A. 10:6-1(f);

I. Punitive damages are demanded pursuant to N.J.S.A.2A:15-5.9;

J. Violation of 42 U.S.C. § 1983;

K. Attorney's fees are sought pursuant to 42 U.S.C. § 1988;

L. Monetary damages, including economic loss.

## ADDITIONAL FACTS SURROUNDING LIABILITY

41. JC Defendant is the ultimate policymaking authority for all officially-adopted policies and procedures implemented by employees of JC Defendant, including Defendant Officers and/or all unnamed officers as John Doe Defendants. Further, it is the entity legally responsible for the hiring, retention, supervision, and training of employees of the PD Defendant, as well as, administering any discipline to said employees.

42. PD Defendant has a long-standing de-facto policy of unlawful profiling as has been acknowledged by New Jersey governors, attorneys general and the local politicians. Upon information and belief, in the past few years alone, more than ten (10) current and former officers at PD Defendant have been charged with corruption and/or using excessive force.

43. JC Defendant has been placed on notice that there is a pervasive and systematic pattern, custom and practice within the PD Defendant to unlawfully stop, search, arrest and use excessive force by rendering vicious beatings to members of the public – even those who do not resist arrest, including innocent bystanders and those accused of minor criminal infractions – and to make great

efforts to use excessive force outside of the view of third-party witnesses, and frequently while the person detained is subdued, restrained, or otherwise still in handcuffs.

44. False reports are rendered, and prosecutions are officially pursued against the victims of these unconstitutional beatings and excessively forceful arrests. Finally, the internal investigations into such allegations of excessive force are almost always a virtual whitewash, as officers of PD Defendant are rarely, if ever, punished for such conduct even when investigations reveal conduct that requires actions to be undertaken against the officer(s) involved to prevent such civil rights and constitutional violations in the future.

45. Specifically, the notice to the PD Defendant of the unconstitutional conduct of its officers and employees has occurred through notices of intent to sue, lawsuits, internal affairs investigations, and media reports, ye the PD Defendant fails to take any remedial action.

46. Thus, PD Defendant is also on notice of the fact that a systemic and pervasive pattern and practice of excessive force and wrongful and unreasonably forceful arrests with exist within the Jersey City Police Department and that members of the citizenry are the victims of these acts committed by Jersey City Police Department officers in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments.

47. PD Defendant's police officers, including but not limited to Defendant Officers and John Doe Defendants, are allowed and indeed encouraged to commit these wrongful and unconstitutional acts with impunity knowing that no discipline, much less meaningful discipline, will follow for acts of excessive force. Such illegal conduct is ratified and condoned by PD Defendant.

48. Defendant Officers and the John Doe Defendants are comfortable in the knowledge that any act of excessive force that they commit will not result in discipline by PD Defendant even

when the act of excessive force occurs. Thus, the lack of discipline for acts of excessive force, allowed the John Doe Defendants to wrongfully stop, search, detain and commit excessive and unreasonable force against the Plaintiff because the John Doe Defendants knew that there would be no official reprisals for their actions against the Plaintiff.

49. Upon information and belief, the discovery phase of this litigation will further reveal many other instances where PD Defendant, by and through its officers and employees, has allowed, condoned, and encouraged a systemic, ratified, and sanctioned policy of acts of excessive and unreasonable force, wrongful stops, wrongful searches, wrongful detainment and racial profiling only to fail to discipline personnel for such actions, much less properly supervise and train to prevent further abuses.

## COUNT I

### 42 U.S.C. § 1983- Against Defendant Officers and Individual Unnamed Police Officers identified as John Doe Defendants

50. Plaintiff incorporates each and every allegation contained in the preceding paragraphs, as if fully set forth herein at length.

51. The actions of the Defendants, including but not limited to Defendant Officers and John Doe Defendants, under color of state law jointly, and severally deprived the Plaintiff of clearly established and well-settled rights under the Fourth and Fourteenth Amendments to the United States Constitution 42 U.S.C. § 1983.

52. Plaintiff was denied his liberty and property interests protected by the Due Process Clause as a result of actions of Defendant Officers and John Doe Defendants.

53. Plaintiff was denied his rights to be free from unreasonable searches and seizures of his person as a result of actions of Defendant Officers and John Doe Defendants.

54. Plaintiff was denied his right to be free from the use of excessive, unreasonable, and unjustified force against his person as a result of actions of Defendant Officers and John Doe Defendants.

55. Defendants acted maliciously and with deliberate indifference to a substantial risk of harm to Plaintiff.

56. The actions of the Defendant Officers and John Doe Defendants shock the conscience or otherwise offend judicial notions of fairness and are offensive to human dignity.

57. Defendants' actions were reckless, careless and/or grossly negligent.

58. As a direct and proximate cause of the acts and/or omission of the defendants, Plaintiff was harmed, and denied protection from the arbitrary exercise of the powers of government and subjected to governmental power which was used for oppression (U.S. Const. Amend. XIV, § 1; N.J.Const.Art I§1).

59. As a direct and proximate result the Defendants' willful deliberate, malicious, reckless, careless and/or grossly negligent conduct, Plaintiff was caused to sustain severe and permanent injuries, was caused great pain and suffering, and mental anguish, does presently sustain the same and in the future will sustain the same, was obliged to seek medical care and expend large sums of money to affect a cure for the injuries, pain and suffering and mental anguish which he sustained, and is presently obligated to expend large sums of money so as to affect a cure for the injuries which he sustained.

60. As a further direct and proximate result, the Defendants' willful deliberate, malicious, reckless, careless and/or grossly negligent conduct, Plaintiff was caused to sustain injury to his reputation, humiliation, mortification and/or embarrassment, emotional distress, suffering and damage.

61.   Defendants acted with callous, reckless indifferences to the constitutional rights of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against all named and unnamed Defendants, jointly, and severally, for compensatory damages, punitive damages, costs of suit, pre-judgment interests, attorney's fees, and such other relief as the court deems just and equitable.

## COUNT II

### 42 U.S.C. § 1983- Against Defendant City of Jersey City

62.   Plaintiff incorporates each and every allegation contained in the preceding paragraphs, as if fully set forth herein at length.

63.   JC Defendant, PD Defendant and its officials, Defendant Officers, and John Doe Defendants acted as final policy maker at all times material hereto.

64.   JC Defendant its officers, employees, and/or agents were acting under color of state law and acted with deliberate indifference to a substantial risk of harm to Plaintiff.

65.   Prior to September 8, 2017, the JC Defendant, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of individuals within its jurisdiction which caused the violation of Plaintiff's rights.

66.   It was the policy and/or custom of the JC Defendant to inadequately and improperly investigate citizens' complaints of police misconduct and acts of misconduct were, instead, tolerated by the City of Jersey City.

67.   As a direct and proximate result the Defendants' willful deliberate, malicious, reckless, careless and/or grossly negligent conduct, Plaintiff was caused to sustain severe and permanent injuries, was caused great pain and suffering, and mental anguish, does presently sustain the same

and in the future will sustain the same, was obliged to seek medical care and expend large sums of money to affect a cure for the injuries, pain and suffering and mental anguish which he sustained, and is presently obligated to expend large sums of money so as to affect a cure for the injuries which he sustained.

**WHEREFORE**, Plaintiff demands judgment against all named and unnamed Defendants, jointly, and severally, for compensatory damages, punitive damages, costs of suit, pre-judgment interests, attorney's fees, and such other relief as the court deems just and equitable.

## COUNT III

**42 U.S.C. § 1983- Against Defendant Jersey City Police Department ("PD Defendant")**

68.     Plaintiff incorporates each and every allegation contained in the preceding paragraphs, as if fully set forth herein at length.

69.     The City of Jersey City, PD Defendant, its officials, Defendant Officers, and John Doe Defendants acted as final policy maker at all times material hereto.

70.     PD Defendant its officers, employees, and/or agents were acting under color of state law and acted with deliberate indifference to a substantial risk of harm to Plaintiff.

71.     Prior to September 8, 2017, the PD Defendant developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of individuals within its jurisdiction which caused the violation of Plaintiff's rights.

72.     It was the policy and/or custom of the PD Defendant to inadequately and improperly investigate citizens' complaints of police misconduct and acts of misconduct were, instead, tolerated by the Defendant Jersey City Police Department.

73.     As a direct and proximate result the Defendants' willful deliberate, malicious, reckless, careless and/or grossly negligent conduct, Plaintiff was caused to sustain severe and permanent injuries, was caused great pain and suffering, and mental anguish, does presently sustain the same and in the future will sustain the same, was obliged to seek medical care and expend large sums of money to affect a cure for the injuries, pain and suffering and mental anguish which he sustained, and is presently obligated to expend large sums of money so as to affect a cure for the injuries which he sustained.

**WHEREFORE**, Plaintiff demands judgment against all named and unnamed Defendants, jointly, and severally, for compensatory damages, punitive damages, costs of suit, pre-judgment interests, attorney's fees, and such other relief as the court deems just and equitable.

## COUNT IV

### Violation of 42 U.S.C. §1985
### Conspiracy to Violate Civil Rights

74.     Plaintiff incorporates each and every allegation contained in the preceding paragraphs, as if fully set forth herein at length.

75.     The acts of the JC Defendants, as well as the PD Defendants, Defendant Officers, and John Doe Defendants constitute a violation of the Civil Rights Act, 42 U.S.C. §1985, namely a conspiracy to violate the civil rights of Plaintiff based on his race, ethnicity, national origin, or other unlawful basis.

76.     As a proximate result of the above-mentioned acts by Defendants, Plaintiff has been damaged and has suffered severe emotional distress and mental anguish, as well as, deprivation of rights under the Civil Rights laws.

**WHEREFORE**, Plaintiff demands judgment against all named and unnamed Defendants, jointly, and severally, for compensatory damages, punitive damages, costs of suit, pre-judgment interests, attorney's fees, and such other relief as the court deems just and equitable.

## COUNT V

### VIOLATION OF 42 U.S.C. §1986
### Failure to Prevent Violations of Civil Rights

77. Plaintiff incorporates each and every allegation contained in the preceding paragraphs, as if fully set forth herein at length.

78. The Defendants had knowledge of the discrimination/violation of constitutional rights perpetrated on Plaintiff but neglected and failed to prevent said wrongful and illegal acts when they had power to do so.

79. This neglect, aid and refusal to prevent or rectify is a violation of the Civil Rights Act, 42 U.S.C. §1986.

80. As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered serious physical injury, severe emotional pain, suffering, anguish, and distress and a deprivation of rights under the Civil Rights laws.

**WHEREFORE**, Plaintiff demands judgment against all named and unnamed Defendants, jointly, and severally, for compensatory damages, punitive damages, costs of suit, pre-judgment interests, attorney's fees, and such other relief as the court deems just and equitable.

## COUNT VI

### New Jersey Constitution and New Jersey Civil Rights Act

81.  Plaintiff incorporates each and every allegation contained in the preceding paragraphs, as if fully set forth herein at length.

82.  The acts of the named and unnamed Defendants under color of state law, jointly and severally deprived the Plaintiff of his right to due process of law and to be free from unreasonable searches and seizure (N.J. Constitution Article 1).

83.  Furthermore, Plaintiff was deprived of substantive due process, equal protection rights, privileges and immunities secured by the Constitution or Laws of the United States, or any substantive rights, privileges and immunities secured by the Constitution or Laws of this State.

84.  Defendants committed such acts or omissions to constitute governmental abuses against the liberty or property rights of Plaintiff, said abuses shocked the conscience or otherwise offend judicial notions of fairness.

85.  As a direct and proximate result of the willful, malicious, reckless, deliberately indifferent, careless or grossly negligent conduct of Defendants including, the use of unreasonable and excessive force, improper search and seizure, assault and battery, denial of medical care, Plaintiff was injured.

**WHEREFORE**, Plaintiff demands judgment against all named and unnamed Defendants, jointly, and severally, for compensatory damages, punitive damages, costs of suit, pre-judgment interests, attorney's fees, and such other relief as the court deems just and equitable.

## COUNT VII

### New Jersey Constitution, New Jersey Civil Rights Act
### Against City of Jersey City

86.  Plaintiff incorporates each and every allegation contained in the preceding paragraphs, as if fully set forth herein at length.

87.     The acts of the JC Defendants, PD Defendants, Defendant Officers, and/or John Doe Defendants violated Plaintiff's rights and the New Jersey Constitution as well as the N.J. Civil Rights Act.

**WHEREFORE**, Plaintiff demands judgment against all named and unnamed Defendants, jointly, and severally, for compensatory damages, punitive damages, costs of suit, pre-judgment interests, attorney's fees, and such other relief as the court deems just and equitable.

## COUNT VIII

### Assault and Battery

88.     Plaintiff incorporates each and every allegation contained in the preceding paragraphs, as if fully set forth herein at length.

89.     The Defendant Officers and/or the John Doe Defendants in their official capacity, acting under color of state law, assaulted and battered the Plaintiff.

90.     Additionally, the Defendant Officers and/or the John Doe Defendants, acting under color of state law, stood by and failed to intervene or stop the assault. This was a ministerial act and a violation of their duties to maintain and uphold statutory and constitutionally imposed duties.

91.     Defendants' action or lack of action was a substantial factor that brought about the injury, loss and harm to the Plaintiff.

92.     As a direct and proximate result the Defendants' willful deliberate, malicious, reckless, careless and/or grossly negligent conduct, Plaintiff was caused to sustain severe and permanent injuries, was caused great pain and suffering, and mental anguish, does presently sustain the same and in the future will sustain the same, was obliged to seek medical care and expend large sums of money to affect a cure for the injuries, pain and suffering and mental anguish which he sustained,

and is presently obligated to expend large sums of money so as to affect a cure for the injuries which he sustained.

**WHEREFORE**, Plaintiff demands judgment against all named and unnamed Defendants, jointly, and severally, for compensatory damages, punitive damages, costs of suit, pre-judgment interests, attorney's fees, and such other relief as the court deems just and equitable.

## COUNT IX

### Intentional Infliction of Emotional Distress

93. Plaintiff incorporates each and every allegation contained in the preceding paragraphs, as if fully set forth herein at length.

94. Defendants' conduct was extreme and outrageous, was intended to produce emotional distress, and/or was in reckless disregard of a high probability that emotional distress would follow.

95. Plaintiff suffered extreme emotional distress and damages which were proximately caused by Defendants' conduct.

**WHEREFORE**, Plaintiff demands judgment against all named and unnamed Defendants, jointly, and severally, for compensatory damages, punitive damages, costs of suit, pre-judgment interests, attorney's fees, and such other relief as the court deems just and equitable.

## COUNT X

### Negligent Hiring, Supervisions and Retention

96. Plaintiff incorporates each and every allegation contained in the preceding paragraphs, as if fully set forth herein at length.

97. JC Defendants, its officials, PD Defendant, Chief of Police, and final policy maker, individually, and/or in their official capacities, did so negligently, carelessly, recklessly, or knowingly, hired, trained, or retained incompetent, unskilled, and improper persons for the management and/or operation of the Jersey City Police Department, such that they knew or should have known that the persons were not properly qualified to undertake the work in such a manner as to prevent a hazardous or reasonably foreseeable risk of injury which occurred to Plaintiff.

98. JC Defendant, its officials, PD Defendant, Chief of Police and final policy maker, so negligently gave poor and/or inadequate instructions, and/or formulation of policy, and/or failed in its duty to review the decisions of the Jersey City Police Department, and by said wrongful acts or omissions, to correct known improper actions.

99. Defendants failed to screen or adequately screen, train or adequately train, supervise or adequately supervise, and/or negligently retained police officers, even though Defendants knew or should have known the officers posed a danger to their community.

100. The negligent hiring, supervising, and retention of the Defendant Officers and/or John Doe Defendants was the proximate cause of the injuries sustained by Plaintiff.

101. As a direct and proximate result the Defendants' willful deliberate, malicious, reckless, careless and/or grossly negligent conduct, Plaintiff was caused to sustain severe and permanent injuries, was caused great pain and suffering, and mental anguish, does presently sustain the same and in the future will sustain the same, was obliged to seek medical care and expend large sums of money to affect a cure for the injuries, pain and suffering and mental anguish which he sustained, and is presently obligated to expend large sums of money so as to affect a cure for the injuries which he sustained.

**WHEREFORE**, Plaintiff demands judgment against all named and unnamed Defendants, jointly, and severally, for compensatory damages, punitive damages, costs of suit, pre-judgment interests, attorney's fees, and such other relief as the court deems just and equitable.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable under the law.

### DESIGNATION OF TRIAL COUNSEL

Plaintiff designates the undersigned as trial counsel.

### CERTIFICATE OF SERVICE

We hereby certify that on _____, we electronically filed the foregoing Complaint with the Clerk of the Court using PACER/CM/ECF. We also certify that the foregoing document will be served on all parties either via transmission of Notices of Electronic Filing generated by PACER/CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

Dated: _____

_____
Livius M. Ilasz, Esq.
**ILASZ & ASSOCIATES**
1035 Route 46 East
Clifton, New Jersey 07013
Tel: 201-342-1103
Fax: 201-342-4799
Attorneys for Plaintiff Miroslaw Wierzbicki