**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIRSOLAW WIERZBICKI,<br><br>               Plaintiff,<br><br>               v.<br><br>CITY OF JERSEY CITY, *et al.*,<br><br>               Defendants. | Case No. 2:19-cv-17721 (BRM) (ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 filed by Defendants City of Jersey City ("JC"), Jersey City Police Department ("JCPD"), Ameer M. Alateek ("Alateek"), Humberto Portuondo ("Portuondo"), and Joseph N. Larkins ("Larkins") (Alateek and Portuondo are referred to as the "Officer Defendants" and, together with Larkins, JC, and JCPD, "Defendants"). (ECF No. 57.) Plaintiff Miroslaw Wierzbicki ("Wierzbicki") filed an opposition (ECF No. 58), and Defendants filed a reply (ECF No. 59). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion for Summary Judgment is **GRANTED**.

    **I.**      **BACKGROUND**

When reviewing a summary judgment motion, a court must view the facts in the light most favorable to the non-moving party. *Del Valle v. Officemax N. Am.*, 680 F. App'x 51, 56 (3d Cir. 2017).

Wierzbicki alleges on September 8, 2017, he encountered individuals he believes to be Jersey City Police Officers, including Alateek, Portuondo, and/or John Doe Officers, after an encounter at 500 Martin Luther King Jr. Drive in Jersey City, New Jersey. (Wierzbicki's SUMF (ECF No. 58-2) ¶ 3[1]; Defs.' SUMF (ECF No. 57-3) ¶ 1; Wierzbicki's Resp. to SUMF[2] (ECF No. 58-1) ¶ 1.)

Wierzbicki claims while he was riding his bicycle near a building situated at 500 Martin Luther King Boulevard in Jersey City, New Jersey, the Officer Defendants alighted from their police vehicle, ran up behind the plaintiff, and shoved Plaintiff from the back of his bicycle onto the ground. (ECF No. 58-2 ¶ 4; ECF No. 57-3 ¶ 3; ECF No. 58-1 ¶ 3.) Wierzbicki claims the Officer Defendants were the only officers in the area of the incident when the incident was happening. (ECF No. 58-2 ¶ 14.)

Before the encounter, Wierzbicki passed a police vehicle and the officers occupying the vehicle waved at him. (ECF No. 57-3 ¶ 5; ECF No. 58-1 ¶ 5.) The police vehicle Wierzbicki saw was "just a regular black and white" car "commonly used by the police." (ECF No. 57-3 ¶ 7; ECF No. 58-1 ¶ 7.) Wierzbicki described one officer as having dark hair, darker skin color, and was

---

[1] Defendants failed to respond to Wierzbicki's counter statement of undisputed material facts. (*See* ECF No. 59.) Wierzbicki's Opposition for Defendants' summary judgment properly includes a Statement of Counter Statement of Undisputed Material Facts in compliance with Local Civil Rule 56.1(a). (ECF No. 58-2.) In reply, Defendant failed to file a responsive statement of material facts, as required under L.Civ.R. 56.1(a). *See* L.Civ.R. 56(a)(1) ("In addition, the opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition. The movant shall respond to any such supplemental statement of disputed material facts as above, with its reply papers."). Accordingly, the Court will deem Wierzbicki's supplemental facts "undisputed for purposes of [the summary judgment] motion" in light of Defendants' failure to respond. *Veverka v. Royal Caribbean Cruises Ltd.*, 649 F. App'x 162, 9 n.3 (3d Cir. 2016).

[2] Wierzbicki largely admits Defendants' Statement of Material Facts ("SUMF"). (*See generally* ECF No. 58-1.)

"kind of a beefy looking guy." (ECF No. 57-3 ¶ 8; ECF No. 58-1 ¶ 8.) The second officer was described as light-skinned, blondish, and "a little smaller than the first one." (ECF No. 57-3 ¶ 9; ECF No. 58-1 ¶ 9.) Wierzbicki claims the officers were wearing black uniforms with black pants and black boots, but he did not see or could not recall seeing any Jersey City Police patches on their clothing. (ECF No. 57-3 ¶ 11; ECF No. 58-1 ¶ 11.) Wierzbicki could not provide the officers' names. (ECF No. 57-3 ¶ 10; ECF No. 58-1 ¶ 10.)

Wierzbicki did not see the officers get out of their vehicle and does not know who pushed him, but asserts he was pushed to the ground and the "larger officer was standing above [him]." (ECF No. 58-2 ¶ 5; ECF No. 57-3 ¶ 12; ECF No. 58-1 ¶ 12.) Based on that assertion, Wierzbicki claims it was the driver who pushed him. (ECF No. 58-2 ¶ 5; ECF No. 57-3 ¶¶ 13–14; ECF No. 58-1 ¶¶ 13–14.) The other police officer described "wasn't there yet" when Wierzbicki fell. (ECF No. 58-2 ¶ 5; ECF No. 57-3 ¶ 15; ECF No. 58-1 ¶ 15.)

Wierzbicki claims it was this same officer who pushed him off of his bike who handcuffed him. (ECF No. 58-2 ¶ 5.) After being handcuffed and searched, Wierzbicki allegedly told the officers that he was from Poland and speaks Polish. (ECF No. 58-2 ¶ 8.) A third officer with dark hair and a darker complexion who was "not of Polish descent" arrived at the scene. (ECF No. 57-3 ¶ 16; ECF No. 58-1 ¶ 16.) It took approximately fifteen to twenty minutes for a fourth officer who spoke Polish to arrive. (ECF No. 58-2 ¶ 9; ECF No. 57-3 ¶ 17; ECF No. 58-1 ¶ 17.) The officer helped Wierzbicki translate from his native language and introduced himself to Wierzbicki as "Wojciach," which is the fourth officer's first name. (ECF No. 58-2 ¶ 10; ECF No. 57-3 ¶ 18; ECF No. 58-1 ¶ 18.) Officer Wojciach allegedly explained to Wierzbicki in Polish that Wierzbicki was stopped because he threw out garbage that had chunks of cement weighing around three or

four pounds. (ECF No. 58-2 ¶ 11.) Wierzbicki claims an officer by the name of Wojciech Drewa was at the Jersey City Police Department on September 8, 2017. (ECF No. 58-2 ¶ 15.)

Wierzbicki claims he was not issued a ticket by the officers. (ECF No. 58-2 ¶ 12.) Wierzbicki also claims Defendants failed to file any report regarding the incident at issue. (ECF No. 58-2 ¶ 13.)

On September 6, 2019, Wierzbicki filed a Complaint. (ECF No. 1.) On October 22, 2019, Defendants filed a motion to dismiss. (ECF No. 6.) On May 7, 2020, the Court granted Defendants' motion to dismiss and permitted Wierzbicki to file an amended complaint. (ECF No. 15.) On May 28, 2020, Wierzbicki filed an Amended Complaint. (ECF No. 18.) On June 11, 2020, Defendants moved to dismiss Wierzbicki's Amended Complaint. (ECF No. 19.) On November 9, 2020, the parties entered into a stipulation whereby Defendants withdrew their motion to dismiss. (ECF No. 30.)

On January 26, 2021, Wierzbicki filed a ten-count Second Amended Complaint as follows: (1) 42 U.S.C. § 1983 against Alateek, Portuondo, and Larkins in Count I, against JC in Count II, and against JCPD in Count III; (2) 42 U.S.C. § 1985 in Count IV; (3) 42 U.S.C. § 1986 in Count V; (4) the New Jersey Constitution and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1 *et seq.* in Count VI and against JC in Count VII; (5) New Jersey common law for assault and battery in Count VIII; (6) New Jersey common law for intentional infliction of emotional distress in Count IX; and (7) New Jersey common law for negligent hiring, supervision, and retention against JC and JCPD in Count X. (ECF No. 34.) On April 28, 2021, Defendants filed a motion to dismiss the Second Amended Complaint. (ECF No. 40.) On September 20, 2021, the Court granted in part and denied in part Defendants' motion. (ECF Nos. 46, 47.) The claims that remain are found in Count I, Count VI, and Count VII as to the Officer Defendants. (ECF No. 47.)

On April 8, 2022, Defendants filed their Motion for Summary Judgment. (ECF No. 57.) On the same day, Wierzbicki filed his opposition (ECF No. 58), and Defendants filed a reply (ECF No. 59).

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp.*, 477 U.S. at 323. "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id*. at 331 (citing 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983)). On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule

56's burden of production by either: (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim," or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id*. (citations omitted). Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (quotation marks omitted). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[.]" *Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial[.]" *Id*. at 323.

## III.   DECISION

Parties agree Officer Defendants' personal involvement in Wierzbicki's incident is essential to establish Defendants' liability. (ECF No. 57-2 at 6; ECF No. 58 at 6). Defendants argue they are entitled to summary judgment because Wierzbicki failed to establish the Officer Defendants were involved in any alleged wrongful conduct.[3] (ECF No. 57-2 at 6; ECF No. 59.)

---

[3] Defendants also argue they are entitled to qualified immunity and therefore the complaint should be dismissed. (ECF No. 57-2 at 11.) Because the Court concludes summary judgment must be

Wierzbicki counters that his "*pleadings* do not require probability, only a sheer possibility that Defendants acted unlawfully," and claims he "does not need to identify which one of Defendant Alateek and Defendant Portuondo used excessive force against him." (ECF No. 58 at 5 (emphasis added).) The Court agrees with Defendants.

The Third Circuit instructed that failing to identify the actor who committed the tortious act is "not a sufficient basis to survive summary judgment" where there was "significant discovery" narrowing "the potential universe of actors to those that were in his immediate vicinity." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291–92 (3d Cir. 2018). An outcome otherwise would result in a trial against defendants without any "ascertainment of [which] individual charged was the perpetrator of the constitutional deprivation." *Howell v. Cataldi*, 464 F.2d 272, 282–83 (3d Cir. 1972). Moreover, "inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment." *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990). Here, the Court concludes Wierzbicki failed to show the personal involvement of any officers, which is the essential element of Wierzbicki's case.

First, to survive a summary judgment challenge, the non-movant must "go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Trivedi v. Slawecki*, 642 F. App'x 163, 11 (3d Cir. 2016) (citing *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000)). However, Wierzbicki offers little evidence to support his claims that the Officer Defendants were personally involved in the Incident. Wierzbicki argues the CAD

---

granted for Wierzbicki's failure to establish personal involvement of the Officer Defendants, the Court does not address Defendants' qualified immunity argument. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding to establish personal liability under § 1983, the plaintiff must show that each defendant charged caused the deprivation of a federal right).

ticket shows the Officer Defendants were present at the location of the Incident during a three-hour window and Defendants' response shows Alateek, Portuondo, and Larkins were "in the area of 500 MLK, Jr. Drive, at approximately 11:33 am to 11:40 am." (ECF No. 58-2 at ¶ 14.) Wierzbicki claims he "was riding his bicycle near [a] building situated at 500 Martin Luther King Boulevard in Jersey City, New Jersey" at "approximately 12:00 p.m. of September 8, 2017" (*id.* at ¶ 3), and argues that these "facts create a reasonable inference that [they] used excessive force against Plaintiff." (ECF No. 58 at 6.) These "reasonable inferences" based on Wierzbicki's Complaint were sufficient to survive Defendants' Rule 12(b)(6) challenge, *Wierzbicki v. City of Jersey City*, Civ. A. No. 19-17721, 2021 WL 4148105, at *7 (D.N.J. Sept. 10, 2021), but to survive a Rule 56 challenge, Wierzbicki cannot continue to rely on his pleading and must produce some evidence that demonstrates the Officer Defendants were personally involved. *See Greer v. Mondelez Global, Inc.*, 590 F. App'x 170, 4 n.3 (3d Cir. 2014) ("In opposing a motion for summary judgment, the nonmovant may not rely on his pleadings alone, but must produce evidence that demonstrates a genuine issue of fact for trial."). Accordingly, Wierzbicki's attempt to survive Defendants' challenge by relying on his pleading must fail. *Stringer v. Pittsburgh Police*, 408 F. App'x 578, 579 n.1 (3d Cir. 2011) ("A plaintiff faced with a properly supported summary judgment motion 'cannot avert summary judgment by resting on the allegations in his pleadings, but rather must present evidence from which a jury could find in his favor.'"); *see also International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 978 F.2d 1318, 1328 n.13 (3d Cir. 1992) ("It is well-established that a party cannot avoid summary judgment based on mere allegations in its pleadings.").

Second, under the Third Circuit instruction, typically, "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." *Samango v. United States*, 833 F.

App'x 941, 945 (3d Cir. 2020) (citing cases). The Court finds Wierzbicki is attempting to show personal involvement of the Officer Defendants by entirely relying on conclusory and self-serving affidavits. Although he can describe the alleged attackers wearing uniforms consisting of black pants, tops, and boots, Wierzbicki neither saw nor could recall any Jersey City police patches on their clothing. (ECF No. 57-3 ¶ 11; ECF No. 58-1 ¶ 11.) Wierzbicki insists either Alateek or Portuondo attacked him, but he concedes "he didn't see who pushed him" (ECF No. 58-2 ¶ 5) and "does not know who pushed him" (ECF No. 57-3 ¶ 12; ECF No. 58-1 ¶ 12). Wierzbicki also concedes he is unable to provide the names of the officers who attacked him (ECF No. 57-3 ¶ 10; ECF No. 58-1 ¶ 10) while claiming he spoke Polish with one officer who is not Alateek nor Portuondo, and claiming that Defendant Jersey City has a Polish-speaking officer (ECF No. 58-2 ¶¶ 8–10, 15). After significant discovery, all Wierzbicki can offer is conclusory and self-serving affidavits, and they are insufficient to survive a motion for summary judgment. *See Altenbach v. Ianuzzi*, 646 F. App'x 147, 9–10 (3d Cir. 2016) ("[S]peculation, without additional evidentiary support, is insufficient to survive a motion for summary judgment."). Accordingly, Wierzbicki's attempt to survive Defendants' challenge by merely relying on his self-serving affidavits[4] must

---

[4] To the extent Wierzbicki contends summary judgment should be denied by inviting the Court to make an adverse inference because he suspects the lack of reports regarding the alleged incident was due to defendants' failure "to produce any police reports or arrest reports relating to this incident" (ECF No. 58-1 ¶ 4; ECF No. 58-2 ¶ 13), the Court will give little weight to this speculation. At the summary judgment stage, "the trier of fact generally may receive the fact of . . . nonproduction or destruction [of relevant materials] as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him." *See Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995). However, a spoliation inference requires "actual suppression or withholding of evidence." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). Wierzbicki fails to identify any evidence that would support the existence of incident reports regarding the alleged incident other than relying on his pleadings. (ECF No. 58-2 at 3.) Therefore, the Court declines to draw an adverse inference. *See Jutrowski*, 904 F.3d at 292 (holding district court's refusal to draw an adverse inference at summary judgment where a plaintiff cannot establish the existence of dashcam video was not an abuse of discretion).

fail. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Celotex*, 477 U.S. at 325); *see also Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit.").

Finally, Wierzbicki argues Defendants failed to present arguments in their opening brief regarding Wierzbicki's assault and battery claims against the Officer Defendants. (ECF No. 58 at 6–7.) In reply, Defendants appear to concede they merely offered a passing reference in their opening brief (ECF No. 59 at 1) and offer a detailed analysis regarding why the Court should grant summary judgment as to Wierzbicki's assault and battery claims (*id*. at 2–5). The Court agrees with Wierzbicki that he has an arguable basis claiming Defendants waived their arguments. *See Pell v. E.I. DuPont die Nemours & Co. Inc.*, 539 F.3d 292, 309 n.8 (3d Cir. 2008) (holding that argument raised for the first time in a reply brief is waived); *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief . . . ."). Nonetheless, the Court finds grant of summary judgment is appropriate here "[w]here it appears clearly upon the record that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court" and "those materials show that no material dispute of fact exists and that the other party is entitled to judgment as a matter of law." *Gibson v. Mayor and Council of City of Wilmington*, 355 F.3d 215, 224 (3d Cir. 2004); *see also Celotex Corp.*, 477 U.S. at 326. Because Wierzbicki failed to show personal involvement by any of the Officer Defendants after significant discovery, the Court finds there is no triable issue as to Wierzbicki's assault and battery claims, and Defendants are entitled to summary judgment on all counts arising out of Wierzbicki's allegations. *See Hill v. Algor*, 85 F. Supp. 2d 391, 404–06 (D.N.J. 2000) (granting summary judgment where plaintiff could not

identify the officer involved); *see also Skover v. Titchenell*, 408 F. Supp. 2d 445, 451 (E.D. Mich. 2005) (granting summary judgment where plaintiff could not identify which officer during search warrant execution allegedly pushed his head into kitchen table).

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is **GRANTED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: August 2, 2022